**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| In re: | : MDL Docket No. 4:03CV1507-WRW |
| | :                       4:04CV01202 |
| **PREMPRO PRODUCTS LIABILITY** | : |
| **LITIGATION** | : |
| | : |
| | : |
| **JUDITH DEAN** | :       PLAINTIFF |
| | : |
| **v.** | : |
| | : |
| **WYETH, et al.** | :       DEFENDANTS |

**ORDER**

Pending is Defendant Novartis Pharmaceuticals Corporation's Motion for Summary Judgment Based on Michigan Law.[1] Plaintiff has responded[2] and Defendant has replied.[3]

Plaintiff, a Michigan resident at the time of her injuries,[4] filed this product liability case in the District Court for the Northern District of Illinois, alleging that hormone replacement therapy caused her breast cancer.[5] Defendant contends that since Plaintiff "received her HT prescriptions, ingested the HT medications, received her diagnosis of breast cancer, and treated [*sic*] for that injury all within the state of Michigan," Michigan law applies and "completely bars

---

[1]Doc. No. 5.

[2]Doc. No. 7.

[3]Doc. No. 8.

[4]Plaintiff is now an Arizona resident.

[5]Complaint, ¶ 2.

1

her claims."[6]  Plaintiff asserts that under choice-of-law rules, New Jersey law applies.[7] Alternatively, Plaintiff asserts that, even if Michigan law applies, summary judgment is premature since "discovery essential to uncover evidence supporting exceptions to Michigan's immunity law" is still under way.[8]

**I. STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[9]  The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[10]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[11]  Nevertheless, summary judgment promotes judicial economy by

---

[6]Doc. No. 6.

[7]Doc. No. 7.

[8]*Id.* at 1-2.

[9]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[10]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[11]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

2

preventing trial when no genuine issue of fact remains.[12]  I must view the facts in the light most favorable to the party opposing the motion.[13]

The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[14]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[15]

## II. DISCUSSION

### A. Choice-of-Law Rules.

This case was transferred to this Court from the Northern District of Illinois.  In cases transferred as part of multi-district litigation, the state choice-of-law rules of the transferor court

---

[12]*Id.* at 728.

[13]*Id.* at 727-28.

[14]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[15]*Anderson*, 477 U.S. at 248.

3

determine which substantive liability law to apply.[16]  Thus, as both parties agree, Illinois choice-of-law rules apply here.

### 1. Illinois Choice-of-Law Rules.

The Illinois Supreme Court, noting that it has not addressed choice-of-law in product liability matters in many years, recently thoroughly reviewed these issues in *Townsend v. Sears, Roebuck and Company*.[17]  *Townsend* confirmed that Illinois follows the Restatement (Second) of Conflict of Laws ("Restatement (Second)").[18]

Illinois and the Restatement (Second) presume that the law of the place of injury applies in personal injury actions.[19]  When a plaintiff is injured in the plaintiff's domiciliary state, while engaged in an activity centered in that state, this presumption is "strong."[20]

The presumption favoring the state of injury may be overcome when another state has a more significant interest in applying its own law to an issue in conflict.[21]  However, the *Townsend* Court admonished that "the bench and bar have overemphasized the general sections of the Restatement (Second) . . . and have undervalued the specific presumptive rules."[22]  It

---

[16]*In re TMJ Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996); see also, *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 489 F.Supp.2d 932, 936 (D. Minn. 2007).

[17]*Townsend v. Sears, Roebuck and Company*, 879 N.E.2d 893, 898 (N.D. Ill. 2007).

[18]*Id.* at 900, 903.

[19]*Id.* at 903.

[20]*Id.* at 904.

[21]*Id.*

[22]*Id*. at 902.

4

"emphatically reject[ed]" the plaintiff's contention that the presumption favoring the law of the state of injury was "easily overcome" by the defendant's contact with another state.[23]

In determining whether to overcome the state of injury presumption, a court considers four types of party contacts in light of seven factors representing general choice-of-law principles.[24] Four of the seven factors have little weight in personal injury actions, leaving the following three:

> [1] the relevant policies of the forum; [2] the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue; and [3] the basic policies underlying the particular field of law.[25]

These three factors are used to evaluate the following four types of contacts: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation, and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered.[26]

Situations exist where the first type of contact, the place of injury, is not important because it is "fortuitous."[27] A fortuitous place of injury is one that "bears little relation to the occurrence and the parties with respect to the particular issue."[28] However, if a plaintiff lives in a state, purchases an allegedly defective product in the state, uses the product in the state, and is

---

[23]*Id.* at 903.

[24]*Id.*

[25]*Id.* at 906-907.

[26]Restatement (Second) of Conflict of Laws § 145(2) (1971).

[27]*Townsend*, 879 N.E.2d at 906 (citing Restatement (Second) of Conflict of Laws § 145, Comment e (1971)).

[28]Restatement (Second) of Conflict of Laws § 146, Comment c (1971).

5

injured in the state by the product, the place of injury is not fortuitous.[29]  With respect to the fourth contact, the place where the relationship, if any, between the parties is centered, the relationship is centered in the state where a plaintiff used the product.[30]

### 2. Application of Illinois Choice-of-Law Rules to the Instant Case.

Here, Illinois choice-of-law rules strongly favor application of Michigan law, because the injury occurred there and Plaintiff resided there.  This presumption must be tested by considering the four key contacts in light of the three factors representing general choice-of-law principles, to see whether another state has a more significant relationship to the liability issues in this case.

The first contact -- the place of injury -- favors Michigan law.  Plaintiff argues that the place of injury is merely "fortuitous."[31]  However, the uncontested pleadings indicate that Plaintiff purchased the product in Michigan, used it in Michigan, and was injured in Michigan. Michigan, the place of injury, was not "fortuitous," as that term has been used by the Supreme Court of Illinois.

Second, the parties' domicile or place of business is a wash, since Plaintiff was domiciled in Michigan and Defendant is domiciled in New Jersey.

Third, the place where the relationship of the parties was centered in a product liability action of this type is where Plaintiff used the product -- Michigan.

Finally, placing Plaintiff's arguments in the most favorable light, as is required when considering a motion to dismiss, the place where the conduct causing injury occurred was New Jersey.

---

[29]*Townsend*, 879 N.E.2d at 906.

[30]*Id*. (citing *Nichols v G.D.Searle & Co.*, 668 N.E.2d 1101, 1103 (1996)).

[31]Doc. No. 7 at 15.

6

Now I consider these contacts in light of the relevant general principals to see whether the presumption in favor of the law of the state of injury must be overcome. The first factor requires consideration of "the relevant policies of the forum."[32] Neither party argues for the substantive law of Illinois, and the facts and pleadings implicate Illinois law only insofar as it determines the choice of Michigan or New Jersey law. Thus, applying the presumption favoring the law of the state of injury does not, in itself, offend the relevant policies of the forum.

The second factor requires consideration of the relative interests of the conflicting states in determining the particular issue. Plaintiff argues that New Jersey's interests conflict strongly with those of Michigan, in that New Jersey law seeks to regulate corporate activity within the state to protect plaintiffs, while Michigan law shields pharmaceutical companies from certain product liability actions.[33]

However, the most significant case relied upon by Plaintiffs to describe the intent and effect of New Jersey law has since been reversed by the New Jersey Supreme Court.[34] The New Jersey Supreme Court recently held that New Jersey's interest in applying its law to a case alleging pharmaceutical company failure to warn "when properly discerned, is not antithetical to Michigan's interest, but substantially congruent."[35] The court determined that, while the laws of Michigan and New Jersey do conflict, the main thrust of New Jersey's law is to presume the adequacy of FDA-approved labeling, rather than to make such approval merely one factor to be

---

[32]*Townsend*, 879 N.E.2d at 906-907.

[33]Doc. 7 at 8-11.

[34]See *Rowe v. Hoffman-LaRoche, Inc.*, 917 A.2d 767 (N.J. 2007).

[35]*Id.* at 774.

7

considered in determining the adequacy of a warning.[36] So, the application of the law of Michigan to a Michigan resident injured in Michigan in this case cannot be said to offend the interests of New Jersey to such a degree that it overcomes the strong presumption favoring the law of the state of injury.

Similarly, with regard to the fourth principal, the choice of the law of either state might be applied without disturbing the basic policies underlying the law of tort.

Here, as in *Townsend*, when a plaintiff is injured in his or her state of domicile, because of an activity centered in that state, a defendant's domicile in another state does not create a relationship that is so pivotal as to overcome the presumption favoring the law of the state of injury.

### B. Michigan Law Bars Plaintiff's Claim

Under Michigan law, when a drug has been approved for safety and efficacy by the federal Food and Drug Administration ("FDA") and carries an FDA-approved label at the time it left the control of the manufacturer or seller, "the manufacturer or seller is not liable" in a product liability action.[37] There are two exceptions. The preemption of drug manufacturer and seller liability "does not apply" if the defendant, before the injury, intentionally withholds from or misrepresents to the FDA "information concerning the drug that is required" for FDA approval.[38] The preemption also does not apply if the defendant "[m]akes an illegal payment to

---

[36] *Id.* at 773.

[37] Mich. Comp. Laws § 600.2946(5) (2000).

[38] Mich. Comp. Laws § 600.2946(5)(a) (2000).

8

an official or employee of [FDA] for the purpose of securing or maintaining approval of the drug."[39]

General discovery in this MDL litigation has been ongoing for approximately five years. Despite considerable time for discovery and the passage of more than four months since the choice-of-law issues were raised, no allegation of fraud or bribery on the FDA has been made. Thus, there is no issue of material fact in the record to be decided on this point.

**CONCLUSION**

Based on the findings of fact and conclusions of law above, Defendant's Motion for Summary Judgment is GRANTED.[40] All other pending motions are DENIED as moot. Accordingly, this case is DISMISSED.

IT IS SO ORDERED this 9th day of April, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[39] Mich. Comp. Laws § 600.2946(5)(b) (2000).

[40] I don't like the Michigan rule, but this is not relevant.